IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF NORTH CAROLINA

```
S.S. by and through her guardian
Rumina Slazas, J.S. by and through
his guardian Rumina Slazas, and
RUMINA SLAZAS,

                Plaintiffs,

     v.                                         1:24cv658

MOORE COUNTY,

                Defendant.
```

## MEMORANDUM ORDER

This case is before the court on Defendant's motion to dismiss. (Doc. 29.) The motion was heard in open court on June 12, 2025, and the court granted it in part, denied it in part, and reserved ruling on Plaintiffs' claim under <u>Olmstead v. L.C. ex rel. Zimring</u>, 527 U.S. 581 (1999), as to which the court permitted supplemental briefing by the parties. (Doc. 47.)

The parties have submitted their supplemental briefing. (Docs. 48, 49.) Having considered the arguments, the court is not persuaded that Defendant Moore County has demonstrated that Plaintiffs have failed to allege a plausible <u>Olmstead</u> claim. For the reasons that follow, the motion to dismiss Plaintiffs' <u>Olmstead</u> claim will be denied.

Federal Rule of Civil Procedure 8(a)(2) provides that a

pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss is meant to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted), and all reasonable inferences must be drawn in the non-moving party's favor. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss for failure to state a claim, a plaintiff must "allege facts to satisfy the elements of a cause of action" created by the statute. McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015); accord Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017). But a plaintiff need not plead facts sufficient to establish a prima facie case. McCleary-Evans, 780 F.3d at 585.

Here, Plaintiffs proceed under Title II of the American with Disabilities Act and the Rehabilitation Act, which "can be combined for analytical purposes because the analysis is substantially the same." Wicomico Nursing Home v. Padilla, 910 F.3d 739, 750 (4th Cir. 2018) (internal quotation marks omitted) (quoting Seremeth v. Bd. of City. Comm'rs Frederick Cnty., 673 F.3d 333, 336 n.1 (4th Cir. 2012)). To bring a claim under either statute, a plaintiff must establish: "(1) they have a disability; (2) they are otherwise qualified to receive the benefits of a public service, program, or activity; and (3) they were denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of their disability." Id. (quoting Nat'l Fed'n of the Blind v. Lamone, 813 F.3d 494, 503 (4th Cir. 2016)).

Moore County does not challenge the first two elements. (See generally Doc. 49.) It is the third element - whether Plaintiffs were "denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of [his or her] disability," that is at issue. Lamone, 813 F.3d at 503.

To make out a claim, "a plaintiff must show that she was excluded from participation in, or denied the benefits of, a program or service offered by a public entity, or subjected to

3

discrimination by that entity." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005) (emphasis removed). Title II of the ADA and § 504 of the Rehabilitation Act protect individuals with disabilities from "unjustified institutional isolation," Pashby v. Delia, 709 F.3d 307, 321 (4th Cir. 2013) (abrogated on other grounds by Stinnie v. Holcomb, 37 F.4th 977 (4th Cir. 2022)) (quoting Olmstead, 527 U.S. at 600), requiring that services be provided in integrated, community-based settings where appropriate, Olmstead, 527 U.S. at 607 (plurality op.). Under Olmstead, the "proscription of discrimination" contained in Title II of the ADA requires placement of persons with mental disabilities in community settings rather than in institutions when "[(1)] the State's treatment professionals determine that such placement is appropriate, [(2)] the affected persons do not oppose such treatment, and [(3)] the placement can be reasonably accommodated, taking into account the resources available to the State and the needs of others with mental disabilities." 527 U.S. at 587, 607. The "unjustified institutional isolation of persons with disabilities is a form of discrimination." Id. at 600.

Here, Moore County challenges Olmstead's third prong. (Doc. 30 at 20.) The county contends that Plaintiffs must allege not only that viable placement options were available

4

in the community but must identify a specific option and allege that such an option was willing to accept the placements. (Doc. 49 at 1 (contending that Plaintiffs have failed to allege that "a viable placement existed in the community where the Plaintiff Children could have been accommodated") (emphasis removed); id. at 4-6 (citing Z.S. v. Durham Cnty, No. 1:21CV663, 2022 WL 673649, at * 3 (M.D.N.C. Mar. 7, 2022)).) Plaintiffs contend, however, that the complaint makes out a plausible claim.

The complaint alleges that both minors, S.S. and J.S., could reasonably be accommodated in the community. (Doc. 1 ¶¶ 57, 106.) As to S.S., Plaintiffs allege she had been in a "temporary placement at the home of one of her teachers" and had been approved for an emergency slot for the Innovations Waiver to permit her to live "in a home-like environment"; that her former special education teacher and husband were "approved" for her placement; that she was approved for potential placement in a group home as well; but that rather than pursue such options, Moore County elected to place her unnecessarily in a psychiatric facility and directed a provider (Sandhills) not to continue to look for a placement for her. (Doc. 1 ¶¶ 65, 77, 78, 81, 82, 84-85.) Plaintiffs also allege that Sandhills advised Moore County that it would search for an Alternative Family Living placement for S.S.,

5

which care staff at UNC Health (where S.S. was placed) also supported, but that Moore County refused to consider it. (Id. ¶¶ 86-89.) Plaintiffs allege that Moore County had "an array of non-institutional services that were available and were able to meet Plaintiff children's needs." (Id. ¶ 116) They claim that the services provided to S.S. in the institutional setting were "also available in the community in a non-institutional setting." (Id. ¶ 117.)

Plaintiffs allege that the services J.S. received in his institutional setting were "also available in the community in a non-institutional setting." (Id. ¶ 118.) Plaintiffs charge that Moore County "had been told by Sandhills of other, community-based placement options for J.S.[,] but that [Moore County] maintained his placement in an [institution]." (Id. ¶ 121.) Plaintiffs conclude that the county exercised "consistent placement of Plaintiff children in an institution when home and community-based placements and services were available, especially after Ms. Slazas fully recovered from cancer and requested return of Plaintiff children to her custody and home." (Id. ¶ 155.)

Though these allegations are far from robust, the court finds that Moore County has not demonstrated that they fail to make out a plausible claim, assuming (without deciding) that Plaintiffs must plausibly allege that such options were

6

available.  Though the County makes a credible argument that identifying a specific, available option would discourage unmerited litigation, it has not provided any case law that clearly sets out such a requirement at this early pleading stage.  Therefore, the motion to dismiss Plaintiffs' Olmstead claim will be denied.

For these reasons,

IT IS ORDERED that Moore County's motion to dismiss Plaintiffs' Olmstead claim (Doc. 29) is DENIED.

                                              /s/   Thomas D. Schroeder
                                          United States District Judge
July 23, 2025